NANCY CRENSHAW, Mother and Next Friend of Johnny Crenshaw II, Plaintiff-Appellant, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants (Jerry Turnquist *et al.*, Defendants-Appellees).

First District (5th Division)   No. 84—0607

Opinion filed February 8, 1985.

Howard Augustus, of Chicago, for appellant.

James F. Best, of Fraterrigo, Best & Beranek, of Chicago, for appellees.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from a summary judgment for certain defendants in a personal injury action, the sole issue on review being the propriety thereof.

Plaintiff, Nancy Crenshaw, brought this action on behalf of her minor son, Johnny, to recover for injuries he sustained when he came in contact with a high-voltage electrical wire while climbing a tree located on the property of Jerry and Rhonda Turnquist (defendants).[1] Count III of plaintiff's amended complaint essentially alleged that Johnny's injuries proximately resulted from defendants' negligent failure to either (a) trim the top branches of the tree so as to maintain ample clearance between it and the electric wires or (b) notify the utility company or the municipality that the branches had grown over the wires and thus were in need of trimming.

The facts before the trial court at the hearing on defendants' motion for summary judgment were contained in the depositions, or excerpts therefrom,[2] of the parties and memoranda submitted in support of and in opposition to the motion.

In his deposition, Johnny Crenshaw stated that on the day of the accident, he and his friend Brandon tried to "ditch" another playmate by climbing up and hiding in defendants' evergreen tree, but were unable to climb more than halfway up the tree before being discovered. After walking the playmate home, he (Johnny) suggested to Brandon that they return to the tree because he wanted to climb all the way

---

[1]Although originally named as defendants, Commonwealth Edison Company and the City of Elgin are not parties to this appeal.

[2]Although plaintiff's counsel informed us at oral arguments that complete transcripts of the depositions were presented to the trial court and filed by him for appeal, only excerpts thereof are contained in the record before us.

up to the top. When he reached the top of the tree—about five feet higher than Brandon had climbed—he inadvertently touched an electric wire strung by Commonwealth Edison Company which was in between the branches, and he was electrically shocked. He had not paid attention to the wire as he was climbing, nor did he know at that time what electricity could do. He had never climbed that tree before the day of the accident, nor had he ever seen any other child climbing it or playing in the yard near it, and he saw no adults in the vicinity on either of the two occasions he and Brandon climbed the tree that day.

Plaintiff stated that she and Johnny lived about one block from defendants' house, and although she had never seen Johnny or any other children climbing the tree in question, children often rode their bicycles and played near defendants' front yard and climbed other trees in the area, particularly a huge oak tree about 2½ blocks away.

Defendant Jerry Turnquist, an elementary school teacher, stated that shortly after he and his wife purchased the property—about five years before the accident—a crew from Commonwealth Edison came to trim the tree, the lower periphery of which was about even with and could be reached from the sidewalk. Displeased with the manner in which they were cutting the branches, he asked the utility workers to "top off" the tree—which means to cut the terminal bud on top—so that it would no longer grow vertically. Defendant also stated that the nearest school and playground were about one-half and one mile, respectively, from his home, and he acknowledged having seen children climb trees in Elgin.

■ Correctly stating that summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits—if any—on file establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c)), plaintiff contends that summary judgment for defendants here was improper because a genuine issue of material fact existed as to whether defendants had a duty to remedy the dangerous condition created by the growth of their tree over and/or near the high voltage electrical wires.

■ Initially, we note—and plaintiff acknowledges—that while breach of duty and proximate cause are questions for the trier of fact, whether a duty exists in the first instance is a question of law to be determined by the court. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) The current law governing the liability of owners or occupiers of property upon which a child has been injured was originally announced in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126

N.E.2d 836, wherein our supreme court rejected the "attractive nuisance" doctrine under which liability was imposed for injuries to a child caused by a dangerous condition which attracted him to the premises, and held instead that "the only proper basis for decision in such cases dealing with personal injuries to children are the customary rules of ordinary negligence cases" (5 Ill. 2d 614, 624, 126 N.E.2d 836, 841). The court then stated, however, that although a landowner generally is under no duty to maintain his premises in a particular condition to promote the safety of persons, including children, who come upon them without invitation, an exception exists "where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children." The court held that "[i]n such cases there is a duty upon the owner *** to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. [Citation.]" (5 Ill. 2d 614, 625, 126 N.E.2d 836, 842.) The *Kahn* court thereby established foreseeability of harm as the basis of liability for injuries to children.

Thereafter, in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, an action against various local governmental units for injuries sustained by a two-year-old child when he fell into a public ditch, the court reiterated the two-pronged test of foreseeability set out in *Kahn,* stating that "a duty which would not be imposed in ordinary negligence will be imposed where [1] the owner or occupier of land knows or should know that children frequent the premises *and* [2] if the cause of the child's injury was a *dangerous* condition [thereon]"; *i.e.,* "one which is likely to cause injury to the general class of children who, by reason of their immaturity might be incapable of appreciating the risk involved." The *Corcoran* court held that "[i]f both of these prerequisites are met, it is deemed that harm to children is sufficiently foreseeable for the law to impel an owner or occupier of land to remedy the condition." (73 Ill. 2d 316, 326, 383 N.E.2d 177, 180.) Finding that, as described in the pleadings, the ditch did not come within the previously quoted definition of a dangerous condition, the court ruled that the injury to plaintiff was not reasonably foreseeable, and therefore affirmed the trial court's order dismissing the action.

The issue of what duty is owed by landowners to children on their

premises was most recently addressed by the supreme court in *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023, an action against the developer and builder of an apartment complex for the wrongful death of a seven-year-old boy who, while playing on a partially-frozen water retention pond located on the grounds of the complex, fell through the ice and drowned. Applying the two-pronged test of foreseeability adopted in *Kahn* and restated in *Corcoran*, the majority concluded that although defendants may have known of—and even encouraged—recreational use of the pond by residents and their children, the evidence failed to establish that the pond was a dangerous condition as defined in those cases, and held that defendants therefore owed no duty to plaintiff's decedent as a matter of law.

■ Plaintiff does not quarrel with the principles enunciated in *Kahn, Corcoran* and *Cope*; rather, it is essentially her position that the pleadings and depositions raised genuine questions of material fact as to whether Johnny's injury was foreseeable under the two-pronged test set forth therein, which should properly have been resolved by a jury after trial instead of by the trial court on a motion for summary judgment. Citing *Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 655, 465 N.E.2d 513, for the proposition that where varying inferences can be drawn from the facts, the trial court should permit a jury to decide the issue of foreseeability as a factual matter in its proximate cause determination, she argues that the facts here, *i.e.*, that defendants—one of whom was an elementary school teacher—were aware not only of the high voltage power lines running through or near the top branches of their tree but also of several schools and playgrounds within walking distance of their property, raised a reasonable inference that they knew or should have known that neighborhood children playing near or passing by the tree were likely to climb it and be injured by the dangerous condition created by the hidden wires, and thereby rendered summary judgment for defendant improper.

We disagree, noting initially that *Nelson* was an appeal from the dismissal of a suit against a public utility company and a park district to recover for injuries sustained by a 10-year-old boy when the end of a spool of copper wire he was holding was tossed into the air by a playmate and came in contact with defendant's electric wires which were strung 30 feet above the public playground where the boys were playing. After an exhaustive and somewhat oblique discussion of the concept of foreseeability and an "abbreviated mention of the negligence doctrines announced in [*Kahn*] and recently reviewed in [*Cope*]" (*Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 650,

666, 465 N.E.2d 513, 522), the court concluded that the facts, at the pleading stage, were sufficient to establish that defendant knew that children habitually frequented the playground and that the location of the power lines thereover constituted a dangerous condition creating a risk of harm to them. In other words, despite its view that foreseeability is essentially a factual matter to be resolved by the jury in most cases, the *Nelson* court nevertheless held, *as a matter of law*, that the injury in question was a reasonably foreseeable occurrence which the defendants had a duty to guard against. 124 Ill. App. 3d 650, 666, 465 N.E.2d 513, 522.

In contrast, there is nothing in the pleadings or depositions before us to suggest that children habitually—or even occasionally—came upon defendants' property and climbed their tree. Indeed, Johnny stated that he had never climbed it prior to the day of the accident, nor had he seen other children playing near or climbing it; and while plaintiff claimed that children often played near defendants' property and climbed other trees in the neighborhood, she acknowledged that she had never seen any children climbing defendants' tree. Absent some evidence that defendants had knowledge—either actual or constructive—that children did or were likely to climb their tree, we do not believe that the mere presence of schools and playgrounds in the area, defendant's position as a school teacher, or the fact that five years earlier he asked the utility company workers to trim the top branches in a particular manner, were sufficient to satisfy the two-pronged foreseeability test and thereby impose a duty upon defendants to remedy the allegedly dangerous condition.

Accordingly, the order of the trial court granting summary judgment for defendants is affirmed.

Affirmed.

MEJDA, P.J., and LORENZ, J., concur.