GREGORY SMALLWOOD, a Minor, by his Mother and Next Friend, Maureen Smallwood, Plaintiff-Appellant, v. RONALD FORNACIARI *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 85—3329

Opinion filed November 5, 1986.—Rehearing denied December 3, 1986.

80

Lucy & Suhar, of Chicago (Richard H. Lucy and Gerald M. Chapman, of counsel), for appellant.

Condon, Cook & Roche, of Chicago (Francis J. Leyhane III and Mark E. Condon, of counsel), for appellees.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Gregory Smallwood, brought suit against defendants, Ronald and Geraldine Fornaciari, for injuries he sustained when he fell from the roof of a three-story apartment building owned by defendants. Plaintiff asserted in his complaint that defendants' roof created an unreasonably dangerous condition not apparent to a trespassing minor. Plaintiff's suit was dismissed after the trial court found that such pleading failed to state a cause of action.

On appeal, plaintiff now contends that because his complaint, taken as a whole, sufficiently stated a cause of action defendants' motion to dismiss the complaint should have been denied.

The record indicates that on October 17, 1981, at approximately 8:45 p.m., plaintiff, a 12-year-old minor, was injured when he fell from the third-story roof of defendants' southside apartment building while playing there with several other children. Plaintiff thereafter filed suit against defendants for his injuries.

In his complaint, plaintiff alleged that access to the roof was gained by means of metal grab irons, imbedded into an exterior brick wall on the premises, and a wooden trapdoor located in the roof and that no locks or other restraining devices were affixed to limit access

to the roof. Plaintiff also maintained that the surface of the roof had deteriorated and had become slippery and unsafe to walk upon, due to an imperceptible slope, worn gravel, and the presence of undetectable bubbles in the asphalt covering the roof. Plaintiff asserted that this condition was not readily apparent to persons on the roof and stated that he, as a minor, was incapable of appreciating the risks involved in playing upon the roof, particularly in view of the aforementioned defects. Plaintiff also alleged that defendants knew or should have known that children habitually went onto the roof to play and further alleged that the expense or inconvenience of barring access to the roof was slight as compared to the risk of injury to children playing there.

Defendants thereafter filed a motion to dismiss plaintiff's complaint, contending that plaintiff failed in his complaint to state a cause of action under *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, the applicable case law in this matter. A hearing was held on October 7, 1985, at which the trial court found that there was nothing in the record to show that defendants' roof was defective or to distinguish defendants' particular roof from all other roofs. The court then held that the case did not fit within the *Kahn* doctrine and dismissed plaintiff's complaint. Plaintiff thereafter filed the instant appeal.

■■ Plaintiff contends on appeal that his complaint, taken as a whole, was sufficient in properly pleaded facts to require that defendants' motion to dismiss for failure to state a cause of action be denied. As plaintiff correctly maintains, section 2—603(c) of the Code of Civil Procedure provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(c).) Moreover, no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet. (Ill. Rev. Stat. 1985, ch. 110, par. 2—612(b).) Illinois courts have generally held that a complaint should be liberally construed. *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326; *e.g., Smyth v. Kaspar American State Bank* (1955), 6 Ill. App. 2d 64, 127 N.E.2d 149, *aff'd* (1956), 9 Ill. 2d 27, 136 N.E.2d 796.

■ This does not mean, however, that the plaintiff is relieved of the necessity of stating a cause of action. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326.) The Code of Civil Procedure requires that all pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply. (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(a).) Under

*Kahn*, the applicable law in the instant case, a plaintiff must have pleaded sufficient facts to show that the owner knows or should have known that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and the expense or inconvenience of remedying the condition is slight compared to the risk to the children. See also *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.

■ We believe that plaintiff here has stated sufficient facts to establish a cause of action. In his complaint, plaintiff alleged that entry to defendants' roof was gained through a ladder consisting of grab irons imbedded in the exterior brick wall and through a wooden trapdoor located in the roof and that no locks or barriers were installed by defendants to bar access to the roof. Plaintiff also alleged that this roof was unsafe to walk upon due to the fact that the roof contained an imperceptible slope, and that the gravel and tar surface of the roof had become worn and "bubbled" over the passage of time. Plaintiff further alleged that defendants knew or should have known of such hazardous conditions and also knew or should have known that children habitually went onto the roof to play. Plaintiff moreover alleged that the expense or inconvenience of barring access to the roof was slight as compared to the risk of injury to children playing there.

This court finds that plaintiff's complaint was sufficient to state a cause of action here and to reasonably inform defendants of the nature of plaintiff's claim as required by section 2—612(b). Accordingly, this court finds that it was error for the trial court to dismiss plaintiff's complaint.

For the reasons set forth above, the order of the trial court dismissing plaintiff's complaint with prejudice is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.