Kenneth CORSON, a minor, by his mother and next friend, Lynda LONTZ, individually, Plaintiffs–Appellants,

v.

Bruno KOSINSKI and Carolyn Kosinski, Defendants–Appellees.

No. 92–3245.

United States Court of Appeals, Seventh Circuit.

Argued April 12, 1993.

Decided Sept. 1, 1993.

Rehearing Denied Oct. 25, 1993.

Michael T. Mullen, John C. Mullen, Christopher Mullen, Mary R. Minella (argued), Cynthia L. Chase, Mullen & Minella, Chicago, IL, for plaintiffs-appellants.

Shelmerdeane A. Miller, Michael Parker, Sheila M. Devane (argued), John R. Fearon, Bergin & Associates, Chicago, IL, for defendants-appellees.

Before BAUER, Chief Judge, CUDAHY, and KANNE, Circuit Judges.

BAUER, Chief Judge.

Lynda Lontz filed a personal injury lawsuit for herself and on behalf of her son, Kenneth Corson. Corson and Lontz are citizens of Texas and the Kosinskis are citizens of Illinois. This case is in federal court under diversity jurisdiction. 28 U.S.C. § 1332. Lontz and Corson seek $750,000 in damages from the defendants, Bruno and Carolyn Kosinski. The Kosinskis filed a motion for summary judgment, which the district court granted. 801 F.Supp. 75 (1992). Lontz and Corson appeal. We affirm.

**I.**

Ten-year-old Kenneth Corson, who lived with his mother in Texas, was in Chicago to spend the summer of 1989 with his father. One day, eleven-year-old Evelyn Benitz invited Kenneth and three other children over to play. Evelyn lived in an apartment in a three-story building on North Hoyne Street in Chicago which was owned by Bruno and

Carolyn Kosinski. She was the only child who lived in the building.

Like many in Chicago, the building Evelyn lived in is attached to another, similar building which is also owned by the Kosinskis. The buildings share a fire wall that extends from the foundation to approximately one and a half feet beyond the roof. Both roofs are the same height, but the perimeter of the adjoining roof does not squarely abut the fire wall. Instead, eighteen feet of the wall that starts at the front of the building borders an open shaft designed to allow light to reach the ground. (R. 91, Exh. A).

Evelyn, Kenneth, and the other boys were riding bicycles and went to the basement of Evelyn's apartment building for a drink of water. The children entered the basement through a locked door for which Evelyn and the other tenants had keys. After drinking, the children left the basement via a stairwell which connects the basement to the apartments. The stairwell extends beyond the apartments and adjoins an additional stairway that leads to the roof. One of the boys ventured all the way up the stairs and found an unlocked roof door. The children went out on the roof unnoticed, played, and left. They returned later the same day and played a game that involved jumping over the fire wall that sticks out of the roof. The children jumped over the center of the wall, but Kenneth moved towards the front of the building, not knowing that the light shaft, not the roof, was on the other side of the wall. When he jumped over the wall, he fell three stories to the ground. He sustained serious, permanent injuries.

## II.

This is an appeal from the grant of summary judgment in favor of the defendants. We review summary judgment motions *de novo*, considering all facts in the light most favorable to the nonmoving party. We will affirm the district court's grant of summary judgment if no genuine issues of material fact exist and the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986). The parties agree that Illinois law applies to this case.

■ Corson and Lontz sued the Kosinskis for negligence resulting in Kenneth's injury. In Illinois, a landowner is liable for an injury to a child on the owner's property if the owner knew or should have known that young children frequent the premises and a dangerous condition exists, likely to cause a child injury if the child is incapable of appreciating the risk involved, and the expense or inconvenience of remedying the dangerous condition is slight relative to the risk. *Smallwood v. Fornaciari*, 149 Ill.App.3d 79, 81, 102 Ill.Dec. 744, 745, 500 N.E.2d 637, 638 (1st Dist.1986) (citing *Kahn v. James Burton Co.*, 5 Ill.2d 614, 625, 126 N.E.2d 836, 840 (1955)).

The district court held that the plaintiffs did not establish that the Kosinskis knew or should have known that children frequented the premises. The district court determined that the "premises" encompassed by this analysis was the roof, not the building as a whole. The court found that the plaintiffs produced no evidence that any child ever ventured onto the roof prior to the day in question. The court then gave the plaintiffs the benefit of the doubt and extended the "premises" to include the back stairwell leading to the roof door. Even under those circumstances, the district court held there was no evidence that children frequented the area.

### 1. Premises:

■ Initially we must determine what constitutes the premises in this case. The plaintiff argues that the basement, back stairwell, yard, and roof should be considered part of the premises because the stairwell opens to the yard and connects the basement, the apartments, and the roof. They further argue that because children are naturally curious they will seek adventure, ostensibly by roaming to the basement and the roof. Therefore, they conclude, all the areas common to the stairwell are the premises.

The evidence shows that a separate door led to the roof. The door was normally padlocked and the tenants did not have keys.

The lock was to be closed at all times, and when the lock was closed, the roof was inaccessible to the tenants (and children). This was distinct from the basement, which was also secured by a locked door for which all the tenants had keys. The basement housed circuit breakers and storage, so that tenant access to the basement was necessary. In contrast, the tenants had no reason to go to the roof. Also, the other areas of the building, such as the front porch, the yard, and the stairwell were common and accessible to all tenants, unlike the roof. We believe that the roof was effectively separated from the rest of the apartment building.

An Illinois court recently considered a similar case. In *Smallwood v. Fornaciari*, the plaintiff, a minor, fell off a third-story roof of an apartment building while playing with other children. A trap door leading to the roof was unlocked. The plaintiff alleged that the owner knew or should have known that the children habitually went onto the roof. The plaintiff alleged that barring access to the roof was a small cost in relation to the risk in leaving it accessible. The Illinois court held that the plaintiff pleaded facts sufficient to maintain the lawsuit. *Smallwood v. Fornaciari*, 149 Ill.App.3d at 82, 102 Ill.Dec. at 745, 500 N.E.2d at 638. *Smallwood* is distinguishable from this case both by its procedural posture and its facts. In that case, the plaintiffs alleged that the children habitually played on the roof. This allegation, matched with an alleged injury, was enough to state a cause of action. But the issue in this case is not whether the plaintiffs pleaded a cause of action, but rather, whether the plaintiffs provided sufficient proof of the cause of action. Here, the plaintiffs produced no evidence to establish that the roof was a part of the premises which included the rest of the building. The plaintiffs also failed to prove that the children frequented the premises.

Nor will the curiosity of children serve to provide the missing evidence. We agree that children are curious. Their curiosity on this occasion turned their trip for a drink of water into an ill-fated adventure. But we do not believe that this incident is enough to find that the roof is part of the premises.

Benitz lived on the second floor of the building for eleven years. The evidence showed that the children had been on the back stairwell on fewer than six occasions during that time. Moreover, when on the stairwell the children's activities were confined to talking and whispering. The plaintiffs produced no evidence that children had ever played on the back stairwell or explored the area leading to the roof.

This is not to say that the children were wholly absent from the building. They occasionally played in the yard and gathered on the front porch. We agree with the district court that the children's forays into the yard did not create a foreseeability of children playing on the roof. We also agree with the district court's conclusion that the basement excursions for water did not extend the boundaries of the premises.

*2. Frequency:*

Frequency is determined by the circumstances surrounding each case. *Cf. Auto Owners Ins. Co. v. Miller*, 138 Ill.2d 124, 129, 149 Ill.Dec. 260, 262, 561 N.E.2d 630, 632 (1990) (frequent or regular use of an automobile by a motorist depends on the facts and circumstance of the individual case). This is a factual issue that is generally left for a jury. *Crenshaw v. Commonwealth Edison*, 131 Ill.App.3d 219, 224, 86 Ill.Dec. 365, 368, 475 N.E.2d 579, 582 (1st Dist.1985). But we have determined that the premises encompassed by our inquiry is the roof alone, and no other part of the building. The plaintiffs provided no evidence that Evelyn or any other child had ever been on the roof.

A long time ago, an Illinois appellate court considered whether children frequented a roof to the extent that the landowner knew or should have known about their presence. *Plotkin v. Winkler*, 323 Ill.App. 181, 55 N.E.2d 545 (1st Dist.1944). In that case, the plaintiff fell four stories down an air shaft while playing on the roof of her apartment building. The evidence showed that children regularly went up to the roof via a ladder propped against the building. The court held that under the facts, the landowners knew or should have known the children played on the roof. *Id.* Although the court

addressed the attractive nuisance analysis, it also performed the foreseeability inquiry we face here: whether the children frequented the roof sufficiently to put the landowners on notice of their presence. Unlike the children in *Plotkin* who regularly played on the roof, the children in this case had never been on the roof before the day of the accident. One prior visit to the roof on the same day does not constitute "frequenting the premises".

## III.

The district court decision is AFFIRMED.