**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50062 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00455-PSG-1 |
| v. | |
| RICHARD A. MAIZE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 11, 2019**
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,***
District Judge.

Richard Maize (Maize) appeals the district court's denial of his motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Rodney Gilstrap, United States District Judge for the Eastern District of Texas, sitting by designation.

compel the Department of Justice (DOJ) to remove public access to electronically stored press releases (Press Releases) containing publicly available information related to his plea agreement and conviction.

Over a decade ago, Maize was the subject of an investigation regarding real estate fraud. Maize ultimately pled guilty to various offenses. The district court sentenced Maize to 18 months' imprisonment followed by three years of supervised release. Following his plea agreement, the DOJ released multiple Press Releases about the prosecution and conviction of Maize and his co-conspirators.

More than six years later, on the final day of his supervised release, Maize filed the instant motion in his criminal case. Maize contended that publication of the Press Releases violated the separation of powers doctrine, constituted punishment in violation of the Eighth Amendment, and deprived him of procedural due process. He also asserted that the Press Releases violated his constitutional right to privacy and the Privacy Act of 1974 (the Act).

Before considering the merits of Maize's motion, we examine the district court's jurisdiction to resolve the matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (noting that the Ninth Circuit's obligation is to determine whether the district court had jurisdiction). Maize relies on the concept of ancillary jurisdiction. Ancillary jurisdiction allows federal courts to hear "some

2

matters otherwise beyond their competence that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (parenthetical omitted). The Supreme Court noted that there are two legitimate forms of ancillary jurisdiction: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80 (citations omitted).

That the criminal case led to the post-plea actions by the DOJ was insufficient to create ancillary jurisdiction. As in *Kokkonen*, the criminal case and the motion to compel were not incidental to each other or factually interdependent. *See id.* at 380. The issue in the criminal case was whether Maize was guilty of the charged crimes, and the issue in the motion to compel is whether the effects of DOJ's actions constituted punishment. Resolving the motion to compel does not enable the district court to function successfully. Before Maize filed the motion, there were no proceedings to manage, no court authority to vindicate, and no decrees to effectuate. In sum, Maize failed to establish that the district court could legitimately exercise jurisdiction to review the motion to compel filed after completion of the sentence in the criminal case. *See United States v. Vela*, 624

3

F.3d 1148, 1151 (9th Cir. 2010) ("[F]inality coincides with the termination of the criminal proceedings. . . ."). We remand to the district court to dismiss for lack of jurisdiction.

**REMANDED FOR DISMISSAL.**