(No. 46547.—

# ADAM PERMINAS, Appellant, v. MONTGOMERY WARD & COMPANY, Appellee.

*Opinion filed January 21, 1975.—Rehearing denied May 29, 1975.*

Horwitz, Anesi, Ozmon & Associates, Ltd., of Chicago (Nat P. Ozmon, of Chicago, and Dario A. Garibaldi, of Flossmoor, of counsel), for appellant.

Baker & McKenzie, of Chicago (Robert Kent Scott, Thomas F. Tobin, Francis D. Morrissey, and Michael K. Murtaugh, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The plaintiff, Adam Perminas, sued the defendant, Montgomery Ward & Company, to recover damages for a back injury he suffered when he fell while shopping in one of defendant's retail stores in Chicago. Following a bench trial, the trial court entered judgment in favor of the plaintiff for $85,000. The appellate court reversed (16 Ill.

App. 3d 445), and we granted plaintiff's petition for leave to appeal.

The basis for the appellate court decision was that plaintiff had failed to establish a *prima facie* case on the issue of defendant's negligence under any of the plaintiff's several theories of liability. It is undisputed that at the time of the accident the plaintiff was a business invitee on defendant's premises and that defendant owed him a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition. (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill.2d 153.) In *Donoho v. O'Connell's, Inc.* (1958), 13 Ill.2d 113, and *Olinger v. Great Atlantic and Pacific Tea Co.* (1961), 21 Ill.2d 469, we clarified the application of this standard to those cases in which injuries to a business invitee are caused by slipping on a foreign substance on the floor. Plaintiff contends that the appellate court improperly applied *Donoho,* thereby effectually abolishing the rule established in that case. Plaintiff also contends that the evidence was sufficient to support a verdict for the plaintiff under two other theories of liability: (1) A business is liable for injuries caused by accidental, negligent or intentionally harmful acts of third persons if the business fails to exercise reasonable care to discover that such acts are being done or are likely to be done or fails to give adequate warning to business invitees to enable them to avoid harm; (2) A business is liable for injuries suffered by business invitees as a result of a dangerous condition created by a particular method of displaying merchandise, if the creation of the dangerous condition was reasonably foreseeable.

In light of our conclusion that the evidence supports a finding of negligence under the well-established "ordinary care" standard, we find it unnecessary to discuss these theories at length, but several observations are appropriate before discussing the evidence. First, plaintiff's latter two theories are, in our view, encompassed within the general rule of "ordinary care" and are nothing more than specific

ways in which a business can breach its obligation to exercise ordinary care to maintain its premises in a reasonably safe condition. Secondly, we note that the appellate court properly applied the *Donoho* doctrine. In that case, this court held that where, as here, the substance on the floor is related to defendant's business and "the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises" (13 Ill.2d at 122), then plaintiff has established negligence without showing that defendant had knowledge or constructive notice that the item was on the floor. In this case, however, there is no evidence in the record "from which it could be inferred that it was more likely that defendant or his servants, rather than a customer," dropped the particular item on which plaintiff slipped.

We turn now to an analysis of the evidence which we believe sufficient to support the trial court's judgment. A detailed statement of the testimony is unnecessary since it is adequately set forth in the appellate court opinion and clearly supports findings that: (1) the plaintiff fell when he stepped on a small triangular-shaped object with wheels on the bottom while walking in an aisle in defendant's store; (2) that object was probably an attachment to a floor polisher sold by defendant and displayed on low shelves in the area where plaintiff fell; and (3) the plaintiff suffered a serious back injury as the result of his fall. There was no evidence specifically indicating how this particular object got on the floor, how long it had been there or whether defendant or its servants knew of the presence of the object on the floor.

The crucial testimony was that of Anna Stecyna, who had been a clerk in the department which handled the floor-polisher attachments until May 1, 1966, when she

was transferred to another department. As the result of injuries suffered in an automobile accident, she temporarily left work on May 26, 1966, and thus was unaware of actual conditions in the store on May 31, 1966, the date of plaintiff's accident. She testified that prior to May 1, 1966, while working in the department which handled the attachments, she personally observed on a number of occasions both children and adults (primarily store employees on their "breaks") using these attachments as skateboards to skate up and down the aisles. She also stated that she had often found these attachments on the floor and had picked them up and replaced them on the low shelves where they were displayed with the floor polishers. After cross-examination, defense counsel moved to strike all her testimony because it was not "remotely connected with the facts in this case." Up to that time, plaintiff's counsel had made no mention of offering her testimony for a limited purpose, but in response to the motion to strike he commented that "[t]he only purpose [of the testimony] is to show these are Montgomery Ward property, and this is three to four weeks before this." The court then denied the motion to strike and admitted the testimony "for the limited purpose to show Montgomery Ward had some of those in the store within thirty days from this accident."

It seems apparent that counsel and the court were concerned about the relevancy of this evidence and we would readily agree that it could not be used to prove conditions existing in the store on May 31, 1966, or to establish that defendant or its servants were responsible for the presence of the particular attachment on the floor at the time of the accident. However, the evidence was, in our judgment, admissible for the additional purpose of showing that the defendant, through its servant Anna Stecyna, had notice at least 30 days prior to the accident that these floor-polisher attachments were creating a dangerous condition in that area of the store. Such notice

can be inferred through evidence of previous, similar accidents (*City of Chicago v. Powers* (1866), 42 Ill. 169; *Wolczek v. Public Service Co. of Northern Illinois* (1931), 342 Ill. 482), so direct evidence of notice to defendant through its servant is clearly admissible. We do not consider the hasty response of plaintiff's counsel that the only purpose of the testimony was to show possession or the court's ruling thereon to be sufficient to bar our consideration of this evidence for any purpose for which it was properly admissible unless such consideration would unfairly prejudice defendant. Indeed, the trial judge must have considered the evidence to prove more than possession in order to have reached his conclusion that the evidence "overwhelmingly" favored plaintiff. By allowing the evidence to be used for the purpose of proving notice of a dangerous condition, we do not believe that the defendant is substantially prejudiced. The trial judge allowed defendant to introduce, over plaintiff's objection, the testimony of Elizabeth Neal, an assistant department manager of Montgomery Ward, that she had never seen people using these attachments as skateboards. If Anna Stecyna's testimony was admissible only to show possession, defendant's rebuttal evidence should have been confined to proving nonpossession of the attachments. Elizabeth Neal's testimony clearly was offered for a purpose other than to show nonpossession, as defendant's counsel recognized in arguing against plaintiff's objection: "Your Honor, I submit, counsel submitted a witness as to a certain occurrence before May 1, 1966, and I believe I have a right to since he introduced this as to other persons' observations."

When Anna Stecyna's testimony is considered for the additional purpose of proving notice and combined with the other evidence in the case, we believe a sufficient showing of negligence is established. She was a clerk in the same department where these floor-polisher attachments were sold and as such had the responsibility to correct

unsafe conditions or at least report their existence to her superiors. Through her personal observation, she had notice that these attachments were creating a dangerous situation because people used them as skateboards and then left them on the floor. Her testimony does not reveal whether her superiors or other employees knew of this situation or whether she picked up the attachments on order of her supervisors or just on her own initiative. That makes no difference, however, since notice to her is sufficient to give notice to the defendant. Once defendant had notice of the dangerous condition, its obligation was to either correct the condition or give its customers sufficient warning to enable them to avoid harm. (*Geraghty v. Burr Oak Lines, Inc.* (1955), 5 Ill.2d 153, 157-58.) There is no evidence in the record to indicate that any warning was given to customers. The return of the attachments to the shelves by Anna Stecyna is the only evidence of corrective measures taken by the store or its employees. Other evidence indicates that at the time of plaintiff's accident the attachments were still being displayed with the floor polishers on low shelves where both children and adults could easily reach them. And, of course, since plaintiff fell on one of these attachments, it is evident that they were still being left on the floor, either by customers or employees. On this testimony, the trial judge could have concluded that the store should have either put up a warning of the danger, displayed the attachments in such a manner that they could not be used as skateboards or simply removed them from display altogether. In failing to take any of these steps, defendant could be considered to have breached its duty to exercise ordinary care in maintaining its premises in a reasonably safe condition. Viewed in this perspective, the evidence is sufficient to establish negligence in spite of plaintiff's inability to offer any specific evidence regarding the manner in which the particular attachment which caused his accident reached the floor.

We wish to emphasize that we "firmly adhere to the rule that a storekeeper is not the insurer of his customer's safety." (*Olinger v. Great Atlantic and Pacific Tea Co.* (1961), 21 Ill.2d 469, 476.) We do not hold, by this decision, that a storekeeper is negligent simply because he displays small objects or objects with wheels which could possibly be dropped on the floor and cause someone to fall. Liability must be founded on fault; and that fault is found here in the evidence that defendant, after receiving notice that a particular product was creating a dangerous situation, failed to return its premises to a safe condition or warn its customers of the existence of the danger.

In the appellate court, defendant also argued that the trial court erred in refusing to permit introduction of a certain defense exhibit and that the amount of the judgment was excessive. Since the appellate court reversed the trial court on the negligence question, consideration of additional issues was unnecessary but defendant is entitled to be heard on those issues. Accordingly, the judgment of the appellate court is reversed and the cause is remanded to that court for further consideration of defendant's other contentions.

*Reversed and remanded.*