DORIS L. ANDERSON, Plaintiff-Appellant, v. WOODLAWN SHELL, INC., *et al.*, Defendants-Appellees (Joyce A. Rutherford *et al.*, Defendants).

First District (2nd Division)   No. 84—0406

Opinion filed March 26, 1985.—Rehearing denied April 23, 1985.

Jules Pfeiffer and Eugene Lieberman, both of Chicago, for appellant.

Robert S. Soderstrom and Jacqueline A. Criswell, both of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

In this negligence action, plaintiff Doris L. Anderson appeals from the entry of an order granting summary judgment in favor of defendants Woodlawn Shell, Inc. (Woodlawn), Raymond B. Blake and Audrey Blake.

The material facts of this case are not in dispute. On December 1, 1982, at approximately 9:30 a.m., plaintiff drove her 1973 Pontiac Ventura up to a self-serve island located on the premises of defendant Woodlawn which, at that time, was leased to and operated by defendants Raymond and Audrey Blake. Four signs furnished by the lessor, Shell Oil Company, were posted on defendants' place of business instructing customers to "Please stop engine. No smoking."

After placing her car in park and turning the ignition off, plaintiff left her vehicle, went inside a building, and prepaid the cashier for the amount of gasoline she wished to purchase. Plaintiff then returned to the self-serve island and proceeded to pump gasoline into the fuel tank of her Ventura. The location of the tank necessitated that plaintiff stand directly in back of the car in order to pump gasoline. While doing

so, plaintiff heard another vehicle pull up to the self-serve island. Turning around, plaintiff observed that a car had stopped directly behind her at a distance of approximately five feet. Defendant Joyce A. Rutherford was the driver of this car; defendant David De Bruce was seated next to her on the passenger side. Neither of these defendants is involved in the present appeal.

Rutherford left her vehicle to prepay the cashier. Although the transmission of her car was allegedly placed in the "Park" position, Rutherford conceded that she had left the motor running and failed to engage the emergency brake. Plaintiff, shortly thereafter, heard the sound of "tires rolling" behind her. Looking over her shoulder as she continued to pump gasoline, plaintiff then saw the Rutherford vehicle moving toward her. The front bumper of this car struck plaintiff at approximately knee level, pinning her between the two cars. Soon afterwards, the Rutherford vehicle was backed away from the plaintiff, and she was taken to Billings Hospital for treatment of leg injuries.

On January 27, 1983, plaintiff instituted the present action seeking to recover damages for the injuries she sustained on December 1, 1982. In her amended complaint filed on July 27, 1983, plaintiff claimed that defendants Woodlawn, Raymond and Audrey Blake breached a legal duty to protect her, *i.e.*, by "exposing *** customers to dangerous and unsupervised vehicles without control or attendance or [*sic*] by their agents or servants," and by "permit[ting] an unattended vehicle to be left, with its motor running, and with its gear-shift apparatus in or near 'drive' position, at a point directly behing [*sic*] plaintiff ***." Following a hearing on Woodlawn, Raymond and Audrey Blake's joint motion for summary judgment, the trial court found as a matter of law that these named party defendants had no duty to employ an attendant at the self-serve island of the gas station for the purpose of warning customers to turn off their engines. An order was entered granting summary judgment in defendants' favor, after which plaintiff timely filed her notice of appeal.

I

The issue presented is whether defendants, under the circumstances in this case, exercised reasonable care to protect plaintiff from the negligent act of a third party.

This action was brought under the theory of common law negligence. Plaintiff's complaint does not allege the violation of a duty established by statute or ordinance. Therefore, as a prerequisite to a successful negligence claim, it is necessary for plaintiff to show that defendants owed a duty to protect her from the injuries she sustained.

(*Mick v. Kroger Co.* (1967), 37 Ill. 2d 148, 150, 224 N.E.2d 859.) Plaintiff had the implied, if not express, invitation to enter defendants' premises for a purpose connected with defendants' business. By purchasing gasoline from defendants, plaintiff was serving both her own as well as defendants' interests. Thus, because plaintiff was a business invitee, defendants owed her the duty of exercising reasonable care for her safety. (*Mock v. Sears, Roebuck & Co.* (1981), 101 Ill. App. 3d 103, 106, 427 N.E.2d 872.) We note, however, that a business proprietor is not the insurer of his customer's safety. (*Perminas v. Montgomery Ward & Co.* (1975), 60 Ill. 2d 469, 476, 328 N.E.2d 290.) As a result, the question now before us is whether the defendants had sufficient notice or knowledge of previous accidents similar to that involved herein so as to give rise to a duty to protect the plaintiff from a third party's negligent conduct.

In Illinois, the questions of whether a duty has been breached and whether the breach proximately caused an injury are factual matters. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 163, 456 N.E.2d 116.) However, contrary to plaintiff's contention, the issue of whether a duty exists in the first instance must be determined by the courts as a matter of law. (*Crenshaw v. Commonwealth Edison Co.* (1985), 131 Ill. App. 3d 219, 221, citing *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) This is "because liability for common law negligence is not absolute but rather it is based on fault." (*Fancil. v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 555, 328 N.E.2d 538.) The creation of a legal duty does not depend on foreseeability alone. (*Cross v. Chicago Housing Authority* (1979), 74 Ill. App. 3d 921, 925, 393 N.E.2d 580, *aff'd* (1980), 82 Ill. 2d 313.) Rather, in determining whether a duty does exist, the magnitude of the burden of guarding against it and the consequences of placing that burden on the defendant must also be taken into account. *Gill v. Chicago Park District* (1980), 85 Ill. App. 3d 903, 905, 407 N.E.2d 671, *appeal denied* (1980), 81 Ill. 2d 601.

In this case, the record is devoid of any evidence suggesting that plaintiff's accident was reasonably foreseeable. The deposition testimony of Raymond Blake indicates that he had no knowledge of any prior accidents during the four years in which he had operated Woodlawn's self-serve island. Raymond's wife, Audrey, stated in her deposition that the only hazard she had seen was when a customer would drive away from the station with the pump nozzle still in his fuel intake. Furthermore, plaintiff adduced no evidence of previous incidents even remotely similar to the one in question that would give notice to defendants of the possibility of such accidents. In retrospect, plaintiff can assert that defendants should have foreseen that the un-

fortunate event in this case might *conceivably* occur; however, it is clear that such an occurrence was not "objectively reasonable to expect." (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 13, 310 N.E.2d 1; see also *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 466, 343 N.E.2d 465.) Consequently, defendants did not owe a duty to protect plaintiff from the type of harm she suffered under the circumstances of this case.

There is no dispute that defendants' customers had to leave their vehicles in order to prepay for gasoline. However, as plaintiff has readily acknowledged, "Mr. Blake had posted signs at pumps telling customers to stop their engines." Specifically, there were *four* such signs furnished by the Shell Oil Company. Raymond Blake testified in his deposition that each sign was about 1 foot by 1 foot and "conspicuous enough" so as to be "[v]isible to everyone." Under Illinois law, defendants had the right to assume that their warnings and instructions would not only be read, but also carried out. (*Cf. Curry v. Louis Allis Co.* (1981), 100 Ill. App. 3d 910, 915, 427 N.E.2d 254, *appeal denied* (1982), 88 Ill. 2d 550, citing *Bakovich v. Peoples Gas Light & Coke Co.* (1963), 45 Ill. App. 2d 182, 195 N.E.2d 260.) It is our opinion, therefore, that defendants fulfilled their duty of exercising reasonable care to protect plaintiff from the independent, unforeseeable act of negligence which caused her injuries here.

We stress that defendants were not insurers of their customers' safety. (*Perminas v. Montgomery Ward & Co.* (1975), 60 Ill. 2d 469, 476.) "No man can be expected to guard against harm from events which are not reasonably to be anticipated at all, or are so unlikely to occur that the risk, although recognizable, would commonly be disregarded." (Prosser, Torts sec. 31, at 146 (4th ed. 1971).) Because the creation of a legal duty "requires more than the possibility of occurrence" (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 376), plaintiff has failed to establish the prerequisite to a successful negligence action. "[W]here a plaintiff fails to establish an element of the cause of action through the pleadings, depositions, admissions, and affidavits on file, summary judgment for the defendant is proper." *Taylor v. Hocker* (1981), 101 Ill. App. 3d 639, 641, 428 N.E.2d 662, *appeal denied* (1982), 91 Ill. 2d 557.

For the reasons set out herein, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

STAMOS, P.J., and HARTMAN, J., concur.