Peterson, Appellant, v. Feltenberger.

Argued October 2, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

8

*Wm. W. Mentzinger, Jr.,* and with him *George H. Detweiler,* for appellant.

*Robert T. McCracken,* and with him *L. M. C. Smith,* for appellee.

OPINION BY WHITMORE, J., December 31, 1930:

William Peterson, the plaintiff, appellant, was employed as a laborer by the Manhattan Fire Proof in the construction of the Lewis Tower Building at 1421 Locust Street, Philadelphia. John Jenkins was at the same time and place employed as a bridgeman by William F. Feltenberger, the defendant. During the construction access from one floor to another was by means of ladders. On April 10, 1929, about 2 o'clock P. M., the plaintiff attempted to ascend the ladder from the ground floor to the second floor, and at the same time Jenkins was descending the ladder from the third floor to the second floor, carrying on his right shoulder a reamer weighing about 39 pounds. When Jenkins was about halfway between the second and third floors his right foot slipped and he fell through the opening between the first and second floors, struck Peterson who was on the ladder about halfway between the first and second floors, knocking the latter to the ground. He sustained serious injuries. The testimony discloses that it had been raining up to about one hour of the time of the accident and that the rungs of the ladder were slippery. The court submitted the case to the jury, who found for the plaintiff, and later entered judgment n. o. v. in favor of the defendant.

The appellant assigns as error (1) the action of the court in entering judgment n. o. v., (2) exclusion of

certain testimony, (3) discharging plaintiff's rule for a new trial, and (4) entering judgment for defendant.

The only negligence complained of by the appellant and which he undertook to establish by testimony, related to an alleged general custom of contractors of moving reamers and similar implements from one floor to another by means of a hoist or rope, and not by carrying it on the shoulder; that the method employed by Jenkins was unusual and more dangerous than the ordinary method. This contention was not supported by testimony. Jenkins, called as a witness by the plaintiff, testified: "Q. Was there any other way to bring that reamer down? A. Why, it is customary to put it on your shoulder and take it up and down." On cross-examination he testified: "Q. How long had you been in this business? A. About 4 years. Q. Had you done the same thing before? (Carry the reamer down on shoulder.) A. Yes. Q. How many times? A. A lot of times. Q. And you always took it up and down this way? A. Yes, if we wanted to use it on the next floor. Q. Did you bring this reamer down this ladder in any different way than the way you were accustomed to doing? A. No."

E. J. Marre, in testifying for the plaintiff on this subject, said on cross-examination: "Q. Suppose you had no hoists on the building, Mr. Marre, and a man were asked to take a reamer from one floor to another, where there were ladders provided for the purpose, is there anything unusual about putting it on his shoulder and taking it down the ladder? A. Yes, with a reamer they generally take a rope. Q. You have seen them take a reamer down hundreds of times that way, haven't you? A. No, not on my jobs; I would not allow it. The Court: We are asking whether in the trade there is any definite recognized custom. The witness: Well, no; I have never seen them come down a ladder with them on their shoulder." The testimony

of Marre did not establish any definite recognized custom contrary to that employed in the present case.

A deviation from a customary practice is not proof of negligence and cannot in itself sustain a recovery. Even if the plaintiff had shown by proper testimony that there had been a deviation from the customary practice, which he attempted to do, even then there could be no recovery. The learned court below relied upon and cited McGeehan v. Hughes, 223 Pa. 524, in which the Supreme Court held: "The test of negligence in methods, machinery and appliances, is the ordinary usage of the business: Titus v. Railroad Company, 136 Pa. 618. But it is the test to disprove negligence, not to prove it; and mere proof that appliances used differ from those in ordinary use gives rise to no presumption of negligence. 'The party charged with negligence disproves it by showing that the tools he employed were those in general use in the business, but the converse does not follow. The party charging negligence does not show it by showing that the machinery was not in common use. If it should be so held, the use of the newest and best machinery, if not yet generally adopted, could be adduced as evidence of negligence': Cunningham v. Bridge Works, 197 Pa. 625."

The learned court below in its opinion further laid down the proper principle as follows: "In no aspect of the case, however, do we think there could have been a recovery. The testimony does not disclose whether the plaintiff or the defendant's employe got on the ladder first; and, if there were any merit in the claim of negligence contended for, the plaintiff's right of recovery would be defeated if he attempted to ascend the ladder with the defendant's employe in plain sight performing the alleged negligent act. In addition, the proximate cause of the accident was the slipping of the defendant's employe on the ladder,

not the presence of the reamer on his shoulder. There is nothing to indicate that the presence of the reamer caused the fall, or, to put it in another way, that the defendant's employe would not have fallen had he not had the reamer on his shoulder. In any aspect of the case, therefore, the plaintiff showed no negligence which would ground a right of recovery.''

The second assignment of error goes to the exclusion of testimony by witness Marre for the plaintiff, which is as follows: ''Q. Was there anything unusual in bringing that reamer down from one floor to another? A. Well, we generally move them with a hoist or use ropes. Mr. McCracken: I move that that answer be stricken out. The Court: That may go out. (Exception noted for plaintiff.) By Mr. Metzinger: Q. Will you answer that question? I don't understand that there is any objection to the question itself. Mr. McCracken: The test is whether it was the customary way to do this work. If this man is an expert, I cannot object to his testifying as to whether this was the customary way. The Court: The question had the vice of asking him to pass judgment on the matter and in a matter like this you can only show what the usual custom is. Then the jury is to draw inferences.''

The court below committed no error in excluding this testimony for the reason that the witness stated what he generally did and not what the usual and customary method would be in a matter of this nature.

As the plaintiff failed to make out a case upon which a recovery could be had, the assignments of error are overruled and the judgment is affirmed.