JACOB ZELENKO, as Administrator, etc., of MARY ZELENKO, Deceased, Plaintiff, *v.* GIMBEL BROS., INC., Defendant.*

Supreme Court, Special Term, New York County, July 24, 1935.

*Michael Zelenko*, for the plaintiff.

*John P. Smith* [*Thomas F. Kane* of counsel], for the defendant.

LAUER, J. The general proposition of law is that if a defendant owes a plaintiff no duty, then refusal to act is not negligence. (*Palsgraf* v. *L. I. R. R. Co.*, 248 N. Y. 339.) But there are many ways that a defendant's duty to act may arise. Plaintiff's intestate was taken ill in defendant's store. We will assume that defendant owed her no duty at all — that defendant could have let her be and die. But if a defendant undertakes a task, even if under no duty to undertake it, the defendant must not omit to do what an ordinary man would do in performing the task.

* Affd., —— App. Div. —— .

Here the defendant undertook to render medical aid to the plaintiff's intestate. Plaintiff says that defendant kept his intestate for six hours in an infirmary without any medical care. If defendant had left plaintiff's intestate alone, beyond doubt some bystander, who would be influenced more by charity than by legalistic duty, would have summoned an ambulance. Defendant segregated this plaintiff's intestate where such aid could not be given and then left her alone.

The plaintiff is wrong in thinking that the duty of a common carrier of passengers is the same as the duty of this defendant. The common carrier assumes its duty by its contract of carriage. This defendant assumed its duty by meddling in matters with which legalistically it had no concern. The plaintiff is right in arguing that when the duty arose, the same type of neglect is actionable in both cases. (See *Middleton* v. *Whitridge*, 213 N. Y. 499.)

The motion is denied.