Plaintiffs, tenants in an apartment house located in Newark, New Jersey, instituted their action against the defendants, as owners thereof, to recover for injuries resulting from alleged negligence in the maintenance of the common hallway at the entrance to their apartment. The defendants denied the allegation of negligence and asserted that the plaintiffs had assumed the risk resulting from *Page 186 
the condition of the hallway and were contributorily negligent. At the close of the plaintiffs' case, the trial court granted a motion for dismissal and this appeal is from the ensuing judgment for the defendants.
The testimony of the plaintiff Mrs. Dorothy Kahn indicated that on September 13, 1946, as she was about to enter her apartment door, located in a tiled recess off the common hallway, her foot caught in a depression near the right corner of the doorway at the juncture between the tile and the saddle under her apartment door, and, as a result, she fell and was injured. Mr. Sheffield, a licensed construction engineer, testified for plaintiffs that the depression was about three-eighths of an inch in depth and that there was a similar depression near the left corner of the doorway. He found no evidence that the tile had been cracked or chipped and concluded that the depression occurred in the course of original construction and constituted substandard or defective construction. Mrs. Kahn's husband, plaintiff Ben Kahn, testified that he had noticed the depression before the accident but never considered it a place of hazard. Their son Jack testified that he had observed the depression and that it was not obscure but Mrs. Kahn testified that she never noticed it before the accident. The Kahns had occupied the apartment for about two and one-half years.
In Ball v. Atlantic City Ambassador Hotel Corp., 137 N.J.L. 744, 57 A.2d 362 (E. A. 1948), the Court of Errors and Appeals recently had occasion to collect and discuss the cases dealing with accidents allegedly resulting, as here, from substandard construction of the premises. The court there pointed out that the issue of liability is peculiarly dependent upon the facts of each case and that in those cases where recovery was sustained, "the structural defect was dangerous or there existed some factor which constituted negligence." We find nothing in the plaintiffs' evidence which would permit reasonable men to conclude that the defendants had been causally negligent or that the slight depression at the juncture of the tile and door saddle was, in itself, dangerous to plaintiffs. Its inherent nature did not establish *Page 187 
such danger and nothing in the testimony of plaintiffs' expert witness justified any pertinent inference beyond the fact that the construction was below accepted standards. Similarly, there was nothing in the testimony of Mr. and Mrs. Kahn and their son, beyond the mere happening of the accident, which introduced any factors of negligence on the defendants' part or established that "the deviation from the standard resulted in an unsafe and dangerous condition." See Kelly v. Loft, Inc., 124 N.J.L. 185,186 (E. A. 1940).
We have concluded that the motion for dismissal at the close of the plaintiffs' case was properly granted and the judgment entered below is affirmed.