·Benjamin Sohon et al., Copartners Doing Business under the Name of Sohon System, Respondents, *v.* Robert S. Rubin et al., Appellants.

*Per Curiam.* The final judgment is erroneous in several respects. (1) The recovery against defendant Chesnin & Leis, Inc., is not warranted by the evidence. (2) The transactions referred to in the second decretal paragraph of the final judgment were no part of the joint venture. Hence plaintiffs were not entitled to have defendant Rubin account for the profits realized on the two items, namely, the sale of the oxford fabric to Supreme Kiddy Tots and the manufacture and sale of " shorts ". (3) Defendant Rubin was improperly adjudged to have converted the merchandise inventory of the joint venture in which he had a 45% interest. " If one partner betrays his trust, and converts to his own use partnership property, he incurs the usual liability that one partner incurs to another respecting partnership affairs, *i.e.*, to be held liable in an accounting, but he cannot be sued by the other partner for damages in

an action for conversion. (*Belanger* v. *Dana,* 52 Hun, 39, 42; *Hollister* v. *Simonson,* 36 App. Div. 63; 170 N. Y. 357; *Covert* v. *Henneberger,* 53 How. Pr. 1; *Cary* v. *Williams,* 8 N. Y. Super. Ct. 667.) " (*Dalury* v. *Rezinas,* 183 App. Div. 456, 460–461, affd. 229 N. Y. 513.) Rubin is, however, accountable to plaintiffs for 55% of the $975 merchandise inventory which amounts to $536.25 but he is entitled to a credit for his share of the profits of the joint venture amounting to $324.79 exclusive of the merchandise inventory. Accordingly, plaintiffs' recovery on this score should have been computed in the sum of $211.46.

Defendant Rubin should not have been enjoined from holding himself out as the "owner, developer, manufacturer or marketer of orthopedic pajamas". The so-called orthopedic pajamas were developed as a result of the joint ideas and efforts of plaintiffs and Rubin. Consequently Rubin is entitled to manufacture and sell the pajamas, as well as are the plaintiffs. (*Cohen* v. *Bunin,* 183 Misc. 90, affd. 270 App. Div. 929).

Had the account taken before the Official Referee omitted the figures relating to the manufacture and sale of shorts, the summary thereof would have been stated as follows: Rubin is chargeable with $28,047.96; he is entitled to credit of $21,725.53 resulting in profits of $6,322.43 of which sum plaintiffs' 55% share amounts to $3,477.33. If we add to this sum of $3,477.33 the amount of $211.46, we arrive at the total of plaintiffs' recovery, to which plaintiffs are entitled, to wit, $3,688.79.

Accordingly, the final judgment should be modified by eliminating the recovery against defendant Chesnin & Leis, Inc., by deleting the injunctive provisions, and by limiting plaintiffs' recovery against defendant Rubin to $3,688.79 with interest in the sum of $933.88 totalling $4,622.67. As so modified the judgment should be affirmed, with costs to defendants. Settle order.

In view of our determination on the appeal from the final judgment in the action, the appeal from the interlocutory judgment is moot and should be dismissed.

Dore, J. P., Cohn, Callahan, Breitel and Bergan, JJ., concur.

Judgment unanimously *modified* in *accordance with* the *opinion herein* and, as so modified, affirmed, with costs to the defendants. In view of the determination of this court on the appeal from the final judgment in the action decided herewith, the appeal from the interlocutory judgment, having become moot, is unanimously dismissed. Settle orders on notice.