(No. 40182.—

HELEN MICK *et al.*, Appellees, *vs.* THE KROGER COMPANY, Appellant.

*Opinion filed March 29, 1967.*

HILL & HILL, of Benton, (W. JOE HILL, of counsel,) for appellant.

BENEDICT W. EOVALDI, of Benton, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The principal issue in this case is whether a merchant can be said to have a duty to assist customers in carrying large packages of groceries from its store by virtue of the fact that it customarily did so. The circuit court of Franklin County and the Fifth District Appellate Court (73 Ill. App. 2d 155) ruled that the jury could properly find such a duty in this case. We granted defendant's petition for leave to appeal.

Helen Mick instituted this action against the Kroger Company for personal injuries alleged to have been sustained when she fell while carrying a bag of groceries which she had just purchased from defendant's Benton, Illinois, store. Her husband joined in the action, seeking to recover for loss of consortium and for money alleged to have been spent because of his wife's injuries.

Throughout the several years during which Mrs. Mick had shopped at this store, it had maintained a carry-out service for its customers. On September 10, 1963, she purchased groceries which were placed in a large bag. When informed that no one was available to help her take the groceries out to the family car, she lifted the 30-pound bag and carried it outside. Finding that her husband, who had been waiting for her in their car, had left defendant's parking lot to pick up their children from school, she rested the bag on the fender of a nearby car. When her husband returned, she picked up the bag and stepped off the sidewalk and onto the parking-lot pavement. In doing so she fell, suffering the injuries for which she sued.

The complaint alleged that for years at its Benton store, without being requested to do so, defendant furnished one or more employees to assist its customers, including plaintiff, in carrying out their groceries. It further alleged that on September 10, 1963, defendant was negligent in failing to do this for Mrs. Mick, proximately causing the injuries alleged to have been sustained.

The jury returned a $4,000 verdict for plaintiff, but

found against her husband. Defendant alone appealed from the judgment entered thereon. In affirming, the appellate court ruled: "The Kroger Company owed to Mrs. Mick, an invitee on its premises, the duty to exercise reasonable care under the circumstances. *Pauckner* v. *Wakem,* 231 Ill. 276, 83 N.E. 202; *Olinger* v. *Great Atlantic & Pacific Tea Co.* 21 Ill.2d 469, 173 N.E.2d 443. From the evidence taken as a whole, a jury could and did find that the failure to provide a carry-out service for Mrs. Mick constituted an unreasonable risk of harm and a breach of its duty to exercise reasonable care for her protection as a customer. In this day and age, shoppers generally frequent the modern, self-service supermarkets, where they are furnished with a large cart which they wheel through the store and in which they place large amounts of groceries. It is not unreasonable for a jury to find that, under some circumstances, it would be the duty of a store to furnish assistance to its customers in carrying out their groceries, especially where it has been the custom and practice to do so. Indeed, courtesy, politeness, and proper consideration for a customer's needs are inducements for a customer's trading in a particular store."

As a prerequisite to a successful action for negligence the plaintiff must establish that the defendant owed a duty to protect her from the injury alleged to have been sustained. (*Lasko* v. *Meier,* 394 Ill. 71, 75-76, *Lance* v. *Senior,* No. 39844.) Since plaintiff was a business invitee of the defendant, the appellate court correctly ruled that it owed her the duty of exercising reasonable care for her safety. (*Olinger* v. *Great Atlantic and Pacific Tea Co.* 21 Ill.2d 469, 473; *Geraghty* v. *Burr Oak Lanes, Inc.* 5 Ill.2d 153, 157.) A storekeeper, however, is not the insurer of his customer's safety. (*Olinger,* p. 476.) Therefore, the question before us is whether, considering the allegations and proof herein, the jury should have been allowed to find that carrying groceries from the store building to a car in the adjacent parking lot involved a risk to the customer sufficient to

require the merchant, in the exercise of this duty, to provide carry-out service. We think not.

The only allegation in support of plaintiff's claim that defendant's duty to exercise reasonable care for her safety required it to furnish an employee to assist in carrying out her groceries is the assertion that it was customary for store personnel in defendant's Benton store to carry out large packages both for her and for other customers. Plaintiff simply asserts that since defendant voluntarily engaged in the practice of having its employees aid customers in carrying out large packages, it created a duty upon itself to continue to do so, and that its failure to perform that duty on this occasion constituted actionable negligence. While we have not heretofore considered the question of whether custom alone can establish a duty, the few cases which we have found on this issue say that it cannot. (*Peterson* v. *Feltenberger*, 102 Pa. Sup. 6, 156 Atl. 621, 623; *Turner* v. *Chicago Housing Authority*, 11 Ill. App. 2d 160, 165.) In our judgment, application of this rule is particularly appropriate here.

It may be conceded, as the appellate court held, that "under some circumstances, it would be the duty of a store to furnish assistance to its customers in carrying out their groceries," but the issue here is whether such duty existed under the facts of *this* case. Assuming that conditions might exist which because of their abnormal nature created an unusual risk to the safety of customers transporting groceries from a store to a parking lot, and that, therefore, a duty fell upon the merchant to assist the customer, is of no help to plaintiff here, for there is neither allegation nor proof of any such circumstances.

We may likewise concede that the carry-out services are an inducement to customers to trade with defendant, but the fact that a merchant voluntarily provides such services does not, in the absence of conditions giving rise to an unreasonable risk to the person who carries out his own pur-

chases, create a duty upon that merchant to continue to provide such service if he chooses to discontinue it. It is, in our judgment, neither good law nor desirable public policy to discourage additions to or improvements in services rendered by those who serve the public by so expanding existing concepts that the voluntary institution of such services *per se* creates a duty to continue them wholly apart from the question as to whether such custom protects the customer from an unreasonable risk to which he is otherwise exposed. We conclude therefore that plaintiff cannot succeed in her action in the absence of evidence in the record from which the jury could properly have inferred that defendant exposed her to an unreasonable risk of harm, either because it deviated from its customary practice or apart from the change. Proof that there was a defect (*Geraghty* v. *Burr Oak Lanes, Inc.* 5 Ill.2d 153), or a slippery substance (*Donoho* v. *O'Connell's, Inc.* 13 Ill.2d 113) at the place where plaintiff fell might have accomplished this, but she neither alleged nor presented evidence of either these or similar hazards.

The appellate court recognized the necessity that there be some evidence in the record from which the jury could have inferred that, by its deviation, defendant exposed plaintiff to an unreasonable risk of harm, but did not point out precisely where it found this additional evidence. Apart from the deviation from custom, the only evidence it discussed are the facts that the bag of groceries involved in this suit was both large and heavy and that plaintiff told defendant's checkout boy that the bag was too heavy for her. This proof is, however, insufficient to create a duty upon defendant to carry her bag. When told that no assistance was available, plaintiff did not have to attempt to carry out the bag. She could have waited for her husband to return and carry out the groceries for her as she said he occasionally had done. She could also have placed the groceries in a cart which clearly was available for use.

Plaintiff voluntarily purchased the groceries and chose to carry out a bag which she says she felt was too heavy for her, even though alternative courses of action were available. If the carrying of this bag increased the danger of injury to her, we believe she must be said to have exposed herself to the additional hazard.

There is no other evidence in the record of this case from which the jury could infer that defendant's deviation from its customary practice exposed plaintiff to unreasonable risk, unless this can be inferred solely from the fact that she was injured. Such an inference would clearly be improper, as it would allow a duty to be shown merely by virtue of the fact that an injury occurred. See *Kahn* v. *Werbel*, 4 N.J. Super. 184, 66 A.2d 559.

We have examined the cases cited by plaintiff in support of her argument that deviation by defendant from its custom creates liability. In our opinion they are of no assistance to plaintiff for they deal with customs established for the purpose of guarding the injured individual from an unreasonable risk—the precise element lacking here.

The judgment of the Fifth District Appellate Court is reversed.

*Judgment reversed.*