LEONARD M. ROBERTS, Appellant, *v.* ASTORIA MEDICAL GROUP, Respondent, et al., Defendants.

First Department, December 13, 1973.

*Robert G. Bernstein* of counsel (*Frederick E. Sherman* and *John F. Shea, III,* with him on the brief; *Gilbert, Segall & Young,* attorneys), for appellant.

*Cornelius McDougald* for respondent.

*Per Curiam.* The plaintiff, a specialist in obstetrics and gynecology, sued, among others, the Astoria Medical Group, of which

he was a partner, for failure to procure the professional liability insurance for which he applied and for failure to advise him of the difference between the policy requested and the policy ultimately obtained.

He discovered this discrepancy in coverage when he was named as a defendant in a lawsuit and had occasion to review the scope of the protection afforded by his insurance policies. Attempts to have the terms of the policy reformed in consonance with the full " umbrella " coverage requested were unavailing, and this lawsuit was begun.

Special Term dismissed the complaint as against the medical group based on the general rule that a partner may not sue the partnership of which he is a member unless it is with a view toward an accounting or dissolution of the partnership.

It is well established that the internal affairs of a partnership are not subject to court interference (*Lord* v. *Hull,* 178 N. Y. 9), absent a prior settlement or adjustment between the parties (*Arnold* v. *Arnold,* 90 N. Y. 580, 583; *Sohon* v. *Rubin,* 282 App. Div. 691; *Squire* v. *Wing,* 17 A D 2d 835). However, an individual partner may vindicate a specific wrong perpetrated against him when the wrong alleged involves a partnership transaction but can be determined without an examination of the partnership accounts (*Crater* v. *Bininger,* 45 N. Y. 545, 548-549; *Bank of British North Amer.* v. *Delafield,* 126 N. Y. 410, 415).

It would be unreasonable in the case at bar to require the usual prerequisites of an accounting and dissolution before affording a vehicle to pursue the rights claimed by this plaintiff.

Accordingly, the order entered May 10, 1973 dismissing the complaint as against the defendant Astoria Medical Group should be reversed on the law, with costs and disbursements, and the complaint reinstated.

McGIVERN, J. P., MARKEWICH, LANE, TILZER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered May 10, 1973, unanimously reversed, on the law, the motion denied and the complaint reinstated as against the defendant Astoria Medical Group. Plaintiff-appellant shall recover of defendant-respondent $60 costs and disbursements of this appeal.