■ TEIJIN SHOJI (AMERICA), INC., Appellant, v U-NEEK, INC., Respondent. [628 NYS2d 677] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about August 16, 1994, which denied plaintiff's motion for partial summary judgment, and dismissed the complaint, with a declaration that there be a final accounting of the joint venture, unanimously affirmed, without costs.

In this action between joint venturers, the complaint was dismissed upon the ground that the relief sought, a declaratory judgment that the merchandise imported for the 1993 selling season was the sole property of plaintiff, was rendered academic by the sale of the merchandise pursuant to the interim order dated July 13, 1993. Accordingly, inasmuch as the IAS court did not dismiss the complaint upon the general rule that an action at law must await an accounting of the joint venture (*see, Kriegsman v Kraus, Ostreicher & Co.*, 126 AD2d 489; *Roberts v Astoria Med. Group*, 43 AD2d 138), plaintiff's reliance upon the general exception to that rule (*see, supra*) is misplaced. In any event, plaintiff is not entitled to summary judgment given the nature of defendant's counterclaims, and in light of the substantial dispute between the parties regarding the actual cost of goods sold. Accordingly, the IAS Court correctly determined that the issues regarding the parties' respective entitlement to share in the distribution of escrowed sales proceeds must await a final accounting. Concur—Murphy, P. J., Ellerin, Wallach, Rubin and Tom, JJ.