**Maria FALCO, Plaintiff,**

v.

**STEW LEONARD'S et al., Defendants.**

**No. 3:95CV00861 (WWE).**

United States District Court,
D. Connecticut.

June 2, 1999.

Daniel A. Seymour, Servino & Seymour, White Plains, NY, for plaintiff.

James E. Coyne, Edward P. Brady, III, Colleen D. Fries, Bai, Pollock & Coyne, Bridgeport, CT, for defendants.

### *RULING ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OR LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL*

EGINTON, Senior District Judge.

### *INTRODUCTION*

On February 17, 1999, the jury in this case found for the defendant, Stew Leonard's (Leonard's).[1] Specifically, the jury answered Special Interrogatory One—"Do you find that the defendant was negligent on June 12, 1993, as alleged by plaintiff?"—in the negative. Judgment was entered for the defendant on March 17, 1999. Plaintiff Maria

---

1. Although there were several defendants named in this lawsuit, the case was tried against corporate defendant, Stew Leonard's. The reference in this Ruling is, therefore, to "defendant" in the singular.

Falco ("Falco") then timely filed the present Motion.

## STATEMENT OF FACTS

Plaintiff alleged in her complaint that she was severely injured when a pallet of mulch fell off a forklift being driven by defendant's employee and she was hit by at least one bag of the mulch, throwing her to the ground. She asserted that defendant was negligent because it did not post any signs or other warnings that the parking lot was off limits to customers and had not designated any delivery lanes within the parking lot to which the public was warned to stay clear of.

The charge to the jury on negligence was as follows:

> In order to prevail on a claim of negligence, the plaintiff must prove by a preponderance of the evidence that the defendant breached a duty of care which the defendant owed to the plaintiff, and that such breach was the proximate cause of damages sustained by the plaintiff. The mere fact that an accident occurred, standing alone, does not permit a jury to draw an inference of negligence.
>
> Negligence is a breach of a duty one party owes to another party. It is the doing of some act which a reasonably prudent person would not do under the circumstances. It is, in other words, the failure to use reasonable care.
>
> Reasonable care is not an absolute term. In deciding whether the defendant exercised reasonable care, you must consider the defendant's conduct in light of all the surrounding circumstances, shown by the evidence. Reasonable care is not necessarily the care which you personally think ought to have been used, but that care which a reasonably prudent person would have used. The standard is that of a reasonably prudent person, not a careless or ultra-careful one.
>
> Although defendant owes a duty of reasonable care to plaintiff, defendant is not a guarantor or an insurer of the absolute safety of persons.

Plaintiff did not object to this instruction. In her present moving papers she argues that the evidence demonstrated negligence per se, but she did not take any timely exception to the lack of such a charge.

## LEGAL ANALYSIS

### I. *The Standards of Review*

### A. *Federal Rule of Civil Procedure 50(b)*

 Because a judgment as a matter of law intrudes upon the rightful province of the jury, it is highly disfavored. The Court of Appeals for the Second Circuit has repeatedly emphasized that, when confronted with such a motion, the court must carefully scrutinize the proof with credibility assessment made in favor of the nonmovant and all inferences drawn in favor of the nonmovant. *Luciano v. The Olsten Corp.*, 110 F.3d 210, 214–15 (2d Cir.1997); *EEOC v. Ethan Allen, Inc.*, 44 F.3d 116, 119 (2d Cir.1994). A trial court may not grant a motion for judgment as a matter of law unless, "viewed in the light most favorable to the nonmoving party, 'the evidence is such that ... there can be one conclusion as to the verdict that reasonable [persons] could have reached.'" *Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1154–55 (2d Cir.1994). A Rule 50 motion should be granted only where there was such a complete absence of evidence supporting the verdict that the jury's finding had to be the result of sheer surmise and conjecture. Accordingly, this Court may grant a judgment as a matter of law only if this case meets these stringent standards.

### B. *Federal Rule of Civil Procedure 59(a)*

 Rule 59(a) of the Federal Rules of Civil Procedure provides that a court may order a new trial following a jury verdict "for any of the reasons for which new trials have heretofore been granted in actions at law in the court of the United States." Fed. R.Civ.P. 59(a)(1). While a new trial may be granted if there was substantial error in the admission or exclusion of evidence or the court committed error in its jury instructions (*see Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)), the court may not grant a new trial unless it is convinced that "the jury has reached a seriously erroneous result or that

the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir.1988). The burden on the plaintiff is therefore substantial. *See Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir.1983) (alternative motion for new trial brings into play other considerations, chief of which is court's duty to prevent miscarriage of justice).

## II. *The Standards As Applied*

### A. *Federal Rule of Civil 50(b)*

■ Plaintiff's motion cannot meet the stringent standards set forth above. There was more than adequate testimony that the falling of the bag of mulch upon plaintiff was an accident and that no duty of care was breached when this event happened.

Frank Lyons, the operator of the forklift, testified at the trial that he was proceeding slowly, was continuously watching in front of him and behind him and that the forklift was equipped with a warning signal that was engaged the entire time he was moving the load of cedar mulch. Plainly, the jury found him to be a credible witness, worthy of belief.

Since this jury had before it specific proof of the use of due care by defendant, was carefully charged (absent objection) on the law of negligence, this Court will not credit the verdict as one based upon surmise and conjecture. Plaintiff could not overcome the adage that sometimes "accidents happen."

### B. *Federal Rule of Civil Procedure 59(a)*

■ This case is also not one of the de minimus number of cases in which the Court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice. *Smith*, 861 F.2d at 370. This was a simple negligence case. That the jury chose to credit the testimony of defense witnesses over plaintiff's witnesses was its province as finder of the facts.

■ Further, inasmuch as plaintiff's counsel did not object to the jury charge on negligence, plaintiff may not now be heard to take issue with that. Similarly, the lack of error, let alone substantial error, in the admission or exclusion of evidence is further indication that this Court would be remiss in its chief duty to prevent a miscarriage of justice by doing anything other than upholding this jury verdict.

### *CONCLUSION*

For the reasons set forth herein, plaintiff's Motion for Judgment as a Matter of Law or, in the Alternative, For A New Trial [Doc. No. 56] is DENIED.

SO ORDERED.