Keith ASDOURIAN, and Blue Chip
Mortgage Corp., Plaintiffs,

v.

Gary KONSTANTIN, Defendant.

No. CV–98–7659 (ADS).

United States District Court,
E.D. New York.

April 25, 2000.

Sam P. Israel, P.C., New York City (Sam P. Israel, of Counsel), for the Plaintiffs.

Ryan & Brennan LLP, Floral Park (James E. Ryan, of Counsel), for the Defendants Gary Konstantin.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

## I. BACKGROUND

On December 20, 1998, the plaintiffs Blue Chip Mortgage Corporation ("Blue Chip") and Keith Asdourian ("Asdourian") filed a forty-three page amended complaint, naming twenty-one defendants and containing twelve separately designated causes of action. The underlying facts of the amended complaint were detailed in two separate opinions. *See Asdourian, et al. v. Konstantin, et al.*, 50 F.Supp.2d 152 (E.D.N.Y.1999) (denying plaintiffs' motion for a preliminary injunction); *Asdourian, et al. v. Konstantin, et al.*, 77 F.Supp.2d 349 (E.D.N.Y.1999) (denying defendants' motion to dismiss) and will not be repeated here.

As a result of settlements and/or defaults on the part of various defendants, the plaintiffs proceeded to trial against only defendant Konstantin. The trial commenced on February 2, 2000 and lasted seven days. Eight witnesses testified and more than seventy exhibits were introduced into evidence. After the plaintiffs concluded their case, the defendant rested without calling a witness. Pursuant to Rule 50 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."), the defendant made a motion to dismiss the plaintiffs' case in its entirety. The Court dismissed all four counts of the plaintiffs' RICO claims and all but two of the remaining

New York State common law causes of action. The only remaining causes of action for the consideration of the jury were the common law claims of conversion and breach of contract. In denying the defendant's motion for judgment as a matter of law on Blue Chip's conversion claim, the Court stated:

> With regard to the motion for judgment as a matter of law at the end of the plaintiffs' case and at the end of the entire case on the conversion count, which is Count Two, the Court finds that there is sufficient proof that the defendant diverted monies belonging to Blue Chip to his own uses, to either personal use or his own business use. He was not the owner of the company, and at least there is a jury question as to whether he did divert this money.

(Tr. 862).*

On February 11, 2000, the jury rendered a verdict in favor of Blue Chip on its conversion claim and in favor of the defendant on the breach of contract cause of action. Specifically, the jury found that Blue Chip had proved that Konstantin wrongfully converted: (1) checks for costs associated with his companies; (2) monies from the Blue Chip escrow account; and (3) the proceeds of the sale of the properties paid for and deeded to Blue Chip. The jury awarded $300,000 in compensatory damages, but did not award punitive damages.

Following the jury's verdict, the defendant moved pursuant to Fed.R.Civ.P. 50 and 59 for judgment as a matter of law and for a new trial. The Court granted the defendant's request to present those motions on paper with the benefit of the trial transcript. In accordance with the Court's schedule, the motions were fully briefed and submitted on April 11, 2000. Neither Blue Chip nor the defendant requested oral argument, and have notified the Court of their intention that the motion be decided on the submitted papers.

* Tr. refers to the trial transcript.

## II. DISCUSSION

### A. *Fed.R.Civ.P. 50*

■ A court decides a motion for judgment as a matter of law under Fed. R.Civ.P. 50(a)(1) using the same standard that applies to motions for summary judgment. *Alfaro v. Wal–Mart Stores, Inc.*, 2000 WL 287314 (2d Cir.2000). The motion must be denied unless the court finds that there is such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result of sheer surmise and conjecture, or if the evidence is so overwhelming that reasonable and fair minded persons could only have reached the opposite result. *Ryduchowski v. Port Authority of New York*, 203 F.3d 135, 141–42 (2d Cir.2000); *see also This Is Me, Inc. v. Taylor*, 157 F.3d 139 (2d Cir.1998); *Concerned Area Residents for the Environment v. Southview Farm*, 34 F.3d 114 (2nd Cir.1994); *Weldy v. Piedmont Airlines*, 985 F.2d 57 (2d Cir.1993). In making this determination, the court is required to view the evidence in the light most favorable to, draw all reasonable inferences in favor of, and resolve all credibility disputes to the benefit of the non-moving party—in this case, the plaintiff Blue Chip Mortgage Corp. *Ryduchowski*, 203 F.3d at 142; *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 425 (2nd Cir.1999); *Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 79 (2nd Cir.1997).

The defendant makes three arguments in support of his motion for judgment as a matter of law on the conversion cause of action. First, the defendant submits that he and Asdourain were joint-venturers and thus the plaintiff Blue Chip is not entitled to maintain a conversion cause of action. Next, the defendant claims that Blue Chip may not recover in conversion for the wrongful sale of real property. Finally, the defendant contends that Blue Chip failed to establish the existence of any "specifically identifiable" property that Konstantin was legally obligated to return.

■ "Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property." *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54–55 (2d Cir.1993) (quoting *Meese v. Miller*, 79 A.D.2d 237, 436 N.Y.S.2d 496, 500 [N.Y.A.D.1981] ). "Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *Elma RT and Nagykoros Canning Factory RT v. Landesmann Int'l Marketing Corp.*, 2000 WL 297197, *3 (S.D.N.Y. March 22, 2000) (citing *Vigilant Ins. Co. of America v. Housing Auth. of City of El Paso, Texas*, 87 N.Y.S.2d 36, 44, 637 N.Y.S.2d 342, 660 N.E.2d 1121 [1995] ); *see also Baker's Aid v. Hussmann Foodservice Co.*, 730 F.Supp. 1209, 1213 (E.D.N.Y.1990). "The test for conversion is whether a party exercises dominion or actually interferes with the property to the exclusion or in defiance of the plaintiff's rights." *Id.* at 500.

### 1. As to the Joint Venture Agreement

■ The defendant argues that "[a]s a matter of law, Blue Chip is not entitled to maintain an action in conversion against Konstantin, its co-joint venturer." In support of this contention, the defendant cites *Sohon v. Rubin*, 282 A.D. 691, 122 N.Y.S.2d 439 (1st Dep't 1953) which held that "[i]f one partner betrays his trust, and converts to his own use partnership property, he incurs the usual liability . . . to be held in an accounting; but he cannot be sued by the other partner for damages in an action of conversion." *Id.* at 691–92, 122 N.Y.S.2d at 440. While the Court recognizes this general rule, the evidence at trial indicated that the partnership or joint venture had been terminated. On direct examination, the plaintiff testified as follows:

Q: You complained to Mr. Konstantin that you didn't receive the ten percent, were any actions taken in connection with that ?

A: Ultimately, in, I believe, it was September of '97, I terminated the agreement. I terminated this agreement and I terminated the lease management agreement

(Tr. 55–56) (emphasis added).

In addition to the testimony of the plaintiff, it is clear that the jury recognized that the "joint venture" had been terminated. During deliberations, the jury asked the following question:

Can we have the testimony of both parties, both Keith Asdourian and Gary Konstantin, regarding the "oral agreement" after the 7/18/96 was terminated ?

(Tr. 1130) (emphasis added). As the joint venture had been terminated, the conversion cause of action was viable. *See Prudential Ins. Co. of America v. Hilton Hotels Corp.*, 1996 WL 340002, *10 (S.D.N.Y. June 19, 1996) (sustaining a conversion cause of action as the joint venture was in the process of dissolving). Accordingly, the defendant's motion for judgment as a matter of law on the ground the plaintiffs and the defendant were joint venturers is denied.

**2. As to Conversion of Real Property**

■ The defendant argues that the conversion cause of action should be dismissed as an action sounding in conversion does not lie where the property involved is real property. While this statement of the law may be correct, the evidence at trial indicated that Konstantin wrongfully converted the *proceeds of the sale* of the properties deeded to Blue Chip or in which Blue Chip held an interest, and not the real properties themself. In fact, the verdict sheet specifically questioned the jury as to whether the defendant had "converted proceeds of the sale of the properties paid for and deeded to Blue Chip." (emphasis added). As the conversion cause of action concerned the proceeds of the sale of prop-

erties and not the conversion of real property itself, the Court denies the defendant's motion for judgment as a matter of law with regard to the contention that Blue Chip may not recover in conversion for the wrongful sale of real property. *See Frankie J. Congram v. Raymond Giella Congram Realty Corp.*, 1992 WL 349845 (S.D.N.Y. Nov.10, 1992) (distinguishing between a claim for conversion of real property and a claim for the proceeds from the sale of real property).

**3. As to Specifically Identifiable Property**

■ Finally, the defendant claims that Blue Chip "failed to allege, let alone establish, the existence of a specific, identifiable fund to which it had a superior right of possession." The Court disagrees. The evidence admitted at trial delineated specific Blue Chip personal property that was converted by Konstantin. There was evidence of Konstantin's use of specific Blue Chip bank accounts and escrow accounts for his personal expenses. *See* Tr. 117–123, 206–208, 468–469, 477–479, 485, 497, 500–504, 544, 564–566, 615.

In addition, these various forms of identifiable property were referred to in the Court's verdict sheet which specifically asked the jury whether Blue Chip had proven that the defendant converted checks, monies, and/or proceeds of the sale of properties paid for and deeded to Blue Chip. In fact, while the jury found that Blue Chip proved that the defendant converted checks, money from the Blue Chip escrow account, and the proceeds of sale from Blue Chip, it did not find that the defendant wrongfully converted monies collected from costs paid to by Blue Chip by mortgage applicants. These jury findings show that Blue Chip had in fact identified specific property that was converted by the defendant, or so the jury determined.

Accordingly, the Court denies the defendant's motion for judgment as a matter of

**300**

law as to the claim that Blue Chip failed to specifically identify property to which it had a superior right of possession.

### B. *Fed.R.Civ.P. 59*

■■ By the provisions of Rule 59, a motion for a new trial may be granted when the court finds that "the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *United States v. Landau,* 155 F.3d 93, 104 (2d Cir.1998) (internal quotations omitted); *see also LaBounty v. Rivera,* 1999 WL 1129063, *4 (S.D.N.Y. Dec.8, 1999); *Falco v. Stew Leonard's,* 187 F.R.D. 442, 444–45 (D.Conn.1999).

The defendant contends that the testimony proffered in support of the plaintiff's claim of conversion was "utterly confusing" and "not credible." In addition, the defendant argues that the jury's award of $300,-000 in compensatory damages was "the result of pure conjecture, unrelated to any reasonable calculation based on the evidence presented."

While the Court did comment in the absence of the jury that it believed that the presentation of the evidence, witnesses, and documents was confusing, the Court does not believe a miscarriage of justice resulted. Attempting to prove a RICO cause of action, by its very nature, can result in some confusing and multifaceted evidence. Bearing in mind the fundamental public policy consideration that a court should rarely disturb the jury's evaluation of the witnesses and its findings of fact, the Court finds that the verdict in favor of Blue Chip and the award of $300,-000 was not against the weight of evidence and not seriously erroneous. Accordingly, the Court denies the defendant's motion for a new trial.

### III. CONCLUSION

Having reviewed the parties' submissions and for the reasons set forth above, it is hereby

ORDERED, that defendant's motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure is **DENIED;** and it is further

ORDERED, that the defendant's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure is **DENIED;** and it is further

ORDERED, that the Clerk of the Court is to enter judgement in favor of Blue Chip Mortgage Corporation and against Gary Konstantin on its conversion cause of action in the sum of $300,000 and to dismiss the remaining causes of action brought by the plaintiffs Keith Asdourian and Blue Chip Mortgage Corp.; and it is further

ORDERED, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**