**Alberto ALFARO, Plaintiff–Appellee,**

v.

**WAL–MART STORES, INC., Defendant–Appellant.**

**Docket No. 99–7688**

United States Court of Appeals, Second Circuit.

Argued March 14, 2000.

Decided March 16, 2000.

As Amended April 25, 2000.

Steven W. Williams (Theresa N. McCorry, on the brief), Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY, for Defendant–Appellant.

Paul A. Marasco, Culley, Marks, Tanenbaum & Pezzulo, Rochester, NY, for Plaintiff–Appellee.

Before: Cabranes, Straub, and Sotomayor, Circuit Judges.

PER CURIAM.

The question presented in this diversity action is whether, or under what circumstances, a retail store's failure to assist a customer in a timely manner can give rise to a negligence claim under New York law. Defendant Wal–Mart Stores, Inc. ("Wal–Mart") appeals from a judgment, entered following a jury trial, of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) finding Wal–Mart liable to plaintiff Albert Alfaro for injuries sustained when Alfaro, having waited ten to fifteen minutes for a Wal–Mart employee to return, tried himself to retrieve items from a shelf. We conclude that Wal–Mart's failure to assist Alfaro in a timely fashion did not violate its legal duties to Alfaro, and we therefore reverse the judgment of the District Court.

## I.

The following facts are derived from Alfaro's testimony at trial. On April 8, 1996, Alfaro, who was confined to a wheelchair as a result of a prior incident, and his cousin, Benjamin Diaz, entered a Wal–Mart store in Webster, New York, to buy some paint and other supplies. Soon after entering the store, Alfaro located a Wal–Mart employee and asked her for assistance in the paint department. Alfaro and the employee, who did not work in the paint department, went to the paint section of the store, and Diaz left for another section of the store. Alfaro and the employee spoke for ten to fifteen minutes about paint and paint supplies. When Alfaro asked the employee about "gloves and latex," however, the employee stated that "she couldn't help" Alfaro, told him "to wait," and left.

Alfaro waited "[b]etween ten [and] fifteen minutes" for the employee or another Wal–Mart associate to return to the paint department, during which time he located the kind of paint he wanted. While he was waiting, Alfaro saw no Wal–Mart employees in the paint department and heard no announcement over the public address system concerning his need for assistance. Instead of seeking help or waiting for Diaz to return, Alfaro then decided to retrieve the paint from the shelf himself. As he tried to do so, however, two cans of paint fell, struck Alfaro on the leg, and knocked him out of his wheelchair. As a result of this accident, Alfaro's femur was fractured.

In July 1996, Alfaro commenced this action in New York Supreme Court, Monroe County, alleging that his injuries "were caused solely due to the negligence" of Wal–Mart. In March 1999, after the action had been removed to the United States District Court for the Western District of New York, the case was tried before a jury. On the third day of trial, the jury returned a verdict in Alfaro's favor for a gross sum of $150,000, and apportioned fault 60% to Wal–Mart and 40% to Alfaro. Accordingly, on March 18, 1999, the District Court entered judgment in Alfaro's favor for $90,000.

Wal–Mart thereafter filed a timely motion seeking judgment as a matter of law pursuant to FED.R.CIV.P. 50(b) or, in the alternative, a new trial pursuant to

FED.R.CIV.P. 59(a). By Memorandum Decision and Order filed June 1, 1999, the District Court denied Wal–Mart's motion in its entirety. This appeal followed.[1]

## II.

■ On appeal, Wal–Mart argues that Alfaro's negligence claim is deficient as a matter of law and that the District Court therefore erred in denying its post-trial motion for judgment as a matter of law. We review the District Court's decision *de novo*, "applying the same standards as the District Court to determine whether judgment as a matter of law was appropriate." *Merrill Lynch Interfunding, Inc. v. Argenti*, 155 F.3d 113, 120 (2d Cir.1998). "[T]he same standard that applies to a pretrial motion for summary judgment pursuant to Fed.R.Civ.P. 56 also applies to motions for judgment as a matter of law during or after trial pursuant to Rule 50." *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir.1998) (internal quotation marks omitted); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, we will reverse the judgment of the District Court if, viewing the evidence in the light most favorable to Alfaro and giving Alfaro the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence, Wal–Mart is nevertheless entitled to judgment as a matter of law. *See, e.g., This Is Me, Inc.*, 157 F.3d at 142; *Stratton v. Department for the Aging*, 132 F.3d 869, 878 (2d Cir.1997).

■ Under New York law, which applies to this case, a plaintiff must establish three elements to prevail on a negligence claim: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981). The existence of a duty is thus a *sine qua non* of a negligence claim: "In the absence of a duty, as a matter of law, no liability can ensue." *McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir.1997) (internal quotation marks omitted); *see Strauss v. Belle Realty Co.*, 65 N.Y.2d 399, 402, 492 N.Y.S.2d 555, 482 N.E.2d 34 (1985) ("A defendant may be held liable for negligence only when it breaches a duty owed to the plaintiff."). The question of the existence and scope of an alleged tortfeasor's duty "is, in the first instance, a legal issue for the court to resolve." *Waters v. New York City Hous. Auth.*, 69 N.Y.2d 225, 229, 513 N.Y.S.2d 356, 505 N.E.2d 922 (1987); *accord Palka v. Servicemaster Mgmt. Servs. Corp.*, 83 N.Y.2d 579, 585, 611 N.Y.S.2d 817, 634 N.E.2d 189 (1994).

■ Identifying the scope of an alleged tortfeasor's duty is "not something derived or discerned from an algebraic formula. Rather, it coalesces from vectored forces including logic, science, weighty competing socioeconomic policies and sometimes contractual assumptions of responsibility." *Palka*, 83 N.Y.2d at 585, 611 N.Y.S.2d 817, 634 N.E.2d 189. New York courts "fix the duty point by balancing factors, including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability." *Id.* at 586, 611 N.Y.S.2d 817, 634 N.E.2d

---

1. Wal–Mart's notice of appeal is technically defective because it states that the appeal is taken from the District Court's order denying Wal–Mart's post-trial motion, not from the judgment entered following the jury's verdict. *See Krause v. Bennett*, 887 F.2d 362, 367 n. 2 (2d Cir.1989). *See generally* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 50.90[1][a], at 50–110 to –111 (3d ed.1999).

Nevertheless, because the appeal is otherwise proper, Wal–Mart's intent to appeal from the final judgment is clear, and Alfaro has not been misled or prejudiced by the technical defect, we may—and do—treat Wal–Mart's notice of appeal as an appeal from the judgment. *See Krause*, 887 F.2d at 367 n. 2; *see also* 9 MOORE ET AL., *supra*, § 50.90[1][a], at 50–110 to –111.

189; *see also Turcotte v. Fell*, 68 N.Y.2d 432, 437, 510 N.Y.S.2d 49, 502 N.E.2d 964 (1986) ("[T]he determination of the existence of a duty and the concomitant scope of that duty involve a consideration not only of the wrongfulness of the defendant's action or inaction, they also necessitate an examination of [the] plaintiff's reasonable expectations of the care owed him by others."). In Judge Cardozo's famous words, "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation...." *Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 344, 162 N.E. 99 (1928).

In the present case, there is no question that Wal–Mart, as a landowner, owed Alfaro the duty to act "as a reasonable [entity] in maintaining [its] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976) (internal quotation marks omitted). Alfaro did not, and does not, seriously contest, however, that Wal–Mart breached this duty, since there is no evidence in the record, for example, that Wal–Mart stored its paint cans in an unreasonably unsafe manner, such that allowing a customer like Alfaro to retrieve them without assistance would contribute to an unreasonably unsafe situation. Nor does Alfaro claim that Wal–Mart attempted to help him and did so in a negligent manner. *Cf. Zelenko v. Gimbel Bros.*, 158 Misc. 904, 287 N.Y.S. 134, 135 (1935) (holding that, although the defendant may have had no duty to assist a customer taken ill in his store, once he undertook to render assistance, he assumed a duty of reasonable care in doing so). Instead, Alfaro argued, and the District Court held, that Wal–Mart owed an additional and particular duty to assist Alfaro in a timely manner just because he was in the store and that, as a result, the failure to help him in itself constituted evidence of negligence sufficient to make

out a jury case. We conclude that this holding was error.

In trying to assess the state of New York's law, as we are required to do in cases arising under diversity jurisdiction, we have previously addressed the role a court should play in determining the issue of duty when, as here, "the applicable duty relationship is well established." *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 469 (2d Cir.1995). In *Stagl*, which involved an elderly airline passenger who was injured when another passenger knocked a suitcase off the defendant airline's baggage carousel, the District Court had held that Delta Airlines had no duty " 'to control the crowd at the baggage retrievel area or designate a separate area for elderly passengers.' " *Id.* at 466 (quoting *Stagl v. Delta Air Lines, Inc.*, 849 F.Supp. 179, 183 (E.D.N.Y.1994)). We reversed, holding that when, as in the case of a landowner and business invitee, "the applicable duty relationship is well established ... New York law [does not] condone[ ] the limitation of a familiar liability rule" to achieve particular results. *Id.* at 469. In so holding, we emphasized that, in New York at least, "the judicial power to modify the general rule" of ordinary care "is reserved for very limited situations" and is not to be "exercise[d] ... on an *ad hoc* basis." *Id.*

In the present case, the District Court committed a variation of the error committed by the District Court in *Stagl*. That is, instead of accepting the "well established" duty of reasonable care owed by Wal–Mart to Alfaro as a business invitee, the District Court analyzed the particular circumstances presented and ruled that Wal–Mart assumed the heightened duty "of assisting the wheelchair bound plaintiff, Alfaro [*sic*] with his objective for being in its store, to purchase paint." The District Court thereby disregarded the fact that "the applicable duty relationship" between Wal–Mart and Alfaro was "well established" and took it upon itself to "modify" that duty—in this case, by *expanding* its scope rather than *narrowing* it—"on an

*ad hoc* basis." *Id.* Under New York law, the District Court lacked such authority.

■ We are unpersuaded by Alfaro's argument, which was accepted by the District Court, that Wal–Mart assumed a specific duty to assist him in a timely manner when its employee told him to wait while she found someone who could help him. According to Alfaro's testimony at trial, he and the employee spoke for several minutes about paint and paint supplies. By Alfaro's own admission, however, he never asked the employee for assistance in retrieving paint from the shelves, let alone informed her that he might need such assistance. Moreover, when the employee left and promised to find someone who could help Alfaro, it was only because she could not answer his questions about "gloves and latex." Thus, to the extent that she promised anything to Alfaro, it was to find someone who could answer his questions about "gloves and latex," not to find someone who would help him retrieve paint from the shelf. The employee's failure to return to Alfaro may amount to a breach of good business practice, but it does not, under New York law, constitute a breach of any legal duty sufficient to support Alfaro's claim of negligence.[2]

In short, however uncertain the practice is of fixing the scope of an alleged tortfeasor's duty, we are confident that the New York Court of Appeals would hold that Wal–Mart's alleged breach in this case—failing to assist Alfaro in a timely manner—was beyond the scope of its legal duties.[3] Absent proof that Wal–Mart stored its paint cans in an unreasonably unsafe manner, or otherwise failed to

"maintain [its] property in a reasonably safe condition," *Basso*, 40 N.Y.2d at 241, 386 N.Y.S.2d 564, 352 N.E.2d 868, there is no basis for finding that Wal–Mart's alleged breach fell within the scope of its general legal duties to Alfaro as a business invitee. *Cf. Cook v. Home Depot, Inc.*, 214 Ga.App. 133, 447 S.E.2d 35, 37 (1994) (holding that the defendant hardware store was not liable for failing to provide a customer with assistance in retrieving merchandise absent a request from that customer); *Mick v. Kroger Co.*, 37 Ill.2d 148, 224 N.E.2d 859, 861–63 (1967) (holding that the defendant grocery store had no duty to assist the plaintiff customer in carrying a large package from its store, even when it had customarily provided such assistance). *But cf. Safeway Stores, Inc. v. Leake*, 147 A.2d 439, 439–40 (D.C. 1959) (upholding a jury verdict in favor of the plaintiff shopper for injuries sustained when she "attempted to serve herself" on the ground that the defendant store was negligent in failing, despite several complaints, to provide a "reacher" for shoppers to reach items stored on higher shelves). If Alfaro could not safely retrieve the paint from the shelf without assistance, as apparently was the case, it was *his* obligation to seek help or to await the return of his cousin, Diaz—not *Wal–Mart's* obligation to assist him.

### III.

In sum, we hold that Wal–Mart's alleged breach—failing to assist Alfaro in a timely manner—was outside the scope of its duty

---

**2.** In light of the facts of this case, we need not, and do not, decide whether a store's failure to provide timely assistance of a specific type to a customer could give rise to a negligence action under New York law if the customer had requested that specific type of assistance or had informed a store employee that he required that specific type of assistance, or if an employee had seen the customer attempting to help himself in a manner likely to cause injury.

**3.** Because the New York Court of Appeals has not addressed the issue in this case, "it falls to this Court to predict how the New York Court of Appeals would interpret New York law on this point. In this endeavor, we must consider all the resources the highest court could use, including decisions reached in other jurisdictions." *Frank Felix Assocs. v. Austin Drugs, Inc.*, 111 F.3d 284, 287 (2d Cir.1997) (internal quotation marks and citations omitted).

to Alfaro.[4] Accordingly, the jury's verdict in favor of Alfaro cannot stand, and the judgment of the District Court is reversed. The cause is remanded to the District Court with directions to dismiss the complaint.

4. Because we conclude that Wal–Mart's alleged breach was outside the scope of its legal duty to Alfaro, we decline to consider Wal–Mart's other arguments on appeal—namely, that the injury to Alfaro was unforeseeable and that Wal–Mart's alleged negligence was not the proximate cause of Alfaro's injury.